IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRENCE WHITAKER,

                Plaintiff,                OPINION AND ORDER

   v.

                                                  20-cv-1042-wmc

SGT. MUTIVA and
C.O. LEINEN,

                Defendants.

---

TERRENCE WHITAKER,

                Plaintiff,

   v.

                                                  21-cv-412-wmc

SGT. LAXTON, OFFICER
MCCOLLOUGH, and
UNKNOWN JOHN/JANE DOE,

                Defendants.

---

In these proposed civil actions, *pro se* plaintiff Terrence Whitaker alleges that various correctional officers at the Wisconsin Secure Program Facility ("WSPF") violated his rights under the Eighth Amendment of the United States Constitution by showing deliberate indifference to his serious medical needs. The complaints are ready for screening under 28 U.S.C. § 1915A. As each complaint includes a common thread of allegations related to his need for a catheter and lubricant, the court will consolidate these lawsuits, and both will proceed under Case No. 20-cv-1042-wmc. *See* Fed. R. Civ. P. 42(a) (permitting consolidation of cases involving a "common question of law or fact"). For the reasons that follow, the court will grant Whitaker leave to proceed against all of the named defendants except for John/Jane Doe in the '412 case.

ALLEGATIONS OF FACT[1]

The underlying events of this lawsuit allegedly took place while Whitaker was housed at WSPF, and where defendants Sgt. Mutiva, Sgt. Laxton, Officer McCollough, C.O. Leinen, and John/Jane Doe were working.

Whitaker alleges that due to an accident as a teenager, he must catheterize himself to empty his bladder and that defendants are aware of this medical need. To insert his catheter, Whitaker must use lubricant. Both the catheter and lubricant are controlled by WSPF staff, and Whitaker must rely on staff to provide these supplies when he needs to urinate. Without a catheter, Whitaker alleges that he will suffer serious pain from the need to urinate, and is at risk for "medical complications."

I. The '1042 Case

On April 17, 2020, Whitaker was housed on the Alpha Unit. He alleges that he told a non-defendant correctional officer delivering meals at around 3:40 p.m. that he needed his catheter to use the bathroom. That officer allegedly responded that Leinen was distributing medications nearby, but the medication cart never came to Whitaker's cell. When Leinen later came to Whitaker's cell to pick up the meal tray, Whitaker noted that Leinen had not stopped by with the medication cart and stated that he needed his catheter as well as his other medications. Leinen allegedly responded "oh well," and left. Whitaker then notified Sgt. Mutiva via his cell intercom that Leinen had skipped him on medication

---

[1] In addressing a *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inference in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

pass, and he needed his catheter immediately. Mutiva allegedly replied "okay," but Whitaker alleges that neither defendant contacted him again regarding his catheter, even after he pressed his intercom button a second time.

Whitaker alleges that he "suffered miserably with the need to urinate" for the next five hours. At some point during this time, Whitaker was able to get Leinen's attention by knocking on his cell window. Whitaker again asked Leinen about his catheter, and Leinen allegedly instructed Whitaker "to hold it." Whitaker alleges that the pain became "excruciating" with "unbearable cramps" that caused him to lay on the floor without relief until the evening medication pass.

## II. The '412 Case

On April 23, 2021, Whitaker alleges that he was transferred to the Charlie Unit and immediately informed Sgt. Laxton that his catheter and lubricant were on the Alpha Unit medical cart. Although Sgt. Laxton later told an inmate complaint examiner that he made two calls to a John/Jane Doe on Alpha requesting Whitaker's lubricant, Whitaker alleges that no staff has confirmed that those calls were made. When Officer McCollough came around with the Charlie Unit medication cart later that morning, Whitaker asked for the lubricant he needed to use his catheter. However, Officer McCollough allegedly told Whitaker that there was no lubricant on the cart, so Whitaker would "just have to go without it and burn like you have VD." Whitaker then pushed his cell intercom button, and asked Sgt. Laxton for his lubricant so that he could urinate. Sgt. Laxton responded that Whitaker would just have to wait.

3

Whitaker was without the lubricant he needed to use his catheter for the rest of April 23 and into April 24, 2021. On April 24, Whitaker again contacted Sgt. Laxton through the intercom to request his catheter supplies because he had to urinate. Sgt. Laxton allegedly replied, "I am not here to be your personal nurse…Man up and be patient." Whitaker alleges that he could not use his catheter "for well over a day," and was in pain from the inability to urinate.

## OPINION

Plaintiff alleges that defendants were deliberately indifferent to his need for a catheter in violation of his Eighth Amendment rights. The Eighth Amendment guarantees a prisoner's right to receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976). To determine if the Eighth Amendment has been violated in the prison medical context, courts ask whether a plaintiff suffered from an objectively serious medical condition, and if so, then determine whether the individual defendant was deliberately indifferent to that condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer*, 511 U.S. at 847. Plaintiff's allegation that he must use a catheter to urinate establishes for purposes of this order that he has a serious medical need. *See Dvorak v. Marathon Cnty.*, No. 01-C-0450-C, 2002 WL 31115191, at *6 (W.D. Wis. July 29, 2002) ("The undisputed fact that plaintiff must use a catheter in order to urinate (and has since 1995) establishes that she has a serious medical need").

4

The operative question is whether any defendant was deliberately indifferent to plaintiff's serious medical need. "Deliberate indifference" is a high standard requiring that a prison official: 1) is aware that a prisoner needs medical treatment, and 2) consciously fails to take reasonable measures to avoid "unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 105. To support an inference of "deliberate indifference," there must be "evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). The second element may be satisfied by either a prison official's conscious failure to treat a "serious medical need," or by his or her needless delay in treatment. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996); *see also Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("deliberate indifference to prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim"); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment").

As an initial matter, plaintiff's allegations are insufficient to proceed against John/Jane Doe. Liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657-58 (7th Cir. 2017). But plaintiff's allegations suggest that Laxton never actually spoke to Doe on Alpha about his medical supplies, and this defendant was therefore not involved in the alleged events. The court will therefore dismiss this defendant without prejudice to plaintiff's ability to file an amended complaint if, as discovery progresses, plaintiff learns of a good faith basis to specifically allege this defendant's involvement in denying him his medical

5

supplies. Plaintiff should be aware, however, that an amended complaint would be subject to screening, and if he waits too long to seek leave to amend, the court may not permit him to do so.

As for the remaining defendants, a needless delay in providing medical supplies may violate the Eighth Amendment depending on the "seriousness of the condition and the ease of providing treatment" and whether the plaintiff "provide[s] independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain." *Petties*, 836 F.3d at 730-31. Plaintiff alleges that defendants knew he needed his catheter or his lubricant to urinate, but they each willfully ignored his plight -- they took no action to provide his necessary medical supplies, taking away his ability to urinate and leaving him to suffer in pain for hours, up to an entire day. *See Dvorak*, 2002 WL 31113191 at *8 ("a reasonable official would understand that it is a violation of the Constitution to leave an inmate in a cell for any significant length of time with no ability to urinate"). At this stage, the court will infer in plaintiff's favor that these defendants each had control over the delay in providing this simple treatment and that the delay was easily avoidable. Although further factfinding may well reveal otherwise, under the generous pleading standard afforded *pro se* litigants, plaintiff's allegations are sufficient to proceed.

ORDER

IT IS ORDERED that:

1) These two actions are CONSOLIDATED and will proceed under Case No. 20-cv-1042-wmc.

2) Plaintiff Terrence Whitaker is GRANTED leave to proceed on an Eighth Amendment deliberate indifference claim against defendants Sgt. Mutiva, Sgt. Laxton, C.O. Leinen, and Officer McCollough.

3) Plaintiff is DENIED leave to proceed on any other claim, and defendant Unknown John/Jane Doe is DISMISSED without prejudice.

4) Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

5) For the time being, plaintiff must send defendant a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

6) Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7) If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 12th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge