IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRENCE WHITAKER,

                Plaintiff,                      ORDER

  v.

                                                        20-cv-1042-wmc

SGT. MUTIVA, C.O.
LEINEN, SGT. LAXTON,
and OFFICER MCCOLLOUGH,

                Defendants.

---

TERRENCE WHITAKER,

                  Plaintiff,                      ORDER

  v.

                                                         21-cv-412-wmc

SGT. LAXTON and
OFFICER MCCOLLOUGH,

                Defendants.

---

      In these consolidated cases, *pro se* plaintiff Terrence Whitaker alleges that various correctional officers at the Wisconsin Secure Program Facility ("WSPF") were deliberately indifferent to his serious medical need for a catheter. Whitaker has filed a request for the court's assistance in recruiting counsel in these cases that the court will deny without prejudice.

      As a starting point, the court receives over 200 new *pro se* lawsuits every calendar year, but only 15 to 20 attorneys are willing to take such cases and they do not each take even one every year. Although the court would find a volunteer attorney for every *pro se*

litigant if enough lawyers were available, the court is forced to marshal this scarce resource.

*Pro se* litigants do not have a right to a lawyer in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to help *pro se* litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Specifically, Whitaker must show that he is unable to afford counsel, that he has made reasonable efforts on his own to find a lawyer to represent him, and that the legal and factual difficulty of the case exceeds his ability to prosecute it. *See Pruitt*, 503 F.3d at 654-55. In the '1042 case, the court assessed Whitaker an initial partial payment of the filing fee. (Dkt. #6.) The court determined in the '412 case that Whitaker did not qualify for indigent status, and he paid the full filing fee. (Dkt. #7.) Even if Whitaker cannot afford counsel, he has not satisfied the second requirement because he does not assert that he has made any effort on his own to find a lawyer nor does he attach any letters from attorneys declining to represent him. For that reason alone, Whitaker's motion must be denied.

Regardless, the court is not persuaded that Whitaker is unable to litigate these cases on his own. Whitaker states that his jailhouse lawyer is in another prison, and it can take up to three weeks to receive mail from him. However, the question is whether the *pro se* litigant can "coherently present [his case] to the judge or jury himself." *Pruitt*

2

at 655. Whitaker also argues that: (1) his cases are past summary judgment and becoming more complicated; (2) he lacks the ability to properly research his cases; and (3) if these cases go to trial, he will need a lawyer to properly present his claims. It is far too early in these lawsuits to tell whether they will proceed to trial or truly boil down to issues that are too complex for plaintiff to handle. Discovery has not begun in either case, so Whitaker is not yet facing any summary judgment motions. Moreover, his lack of legal training is common among *pro se* litigants, and the court has not seen evidence that he is more limited than the typical *pro se* litigant. As for Whitaker's statement that he cannot properly research his cases, he does not explain why or what resources he needs, and it is not clear what litigation tasks require research at this point. The next step will be for the court to hold a telephonic preliminary pretrial conference at which Magistrate Judge Stephen Crocker will explain the schedule and discuss some of the procedures that the parties will use to litigate these cases, including discovery methods available to litigants. As the case proceeds, Whitaker should attempt to work with defendants' counsel to get the access to the resources he needs to litigate this case. If those efforts are unsuccessful, or if Whitaker experiences significant mail delays, he may ask the court for an extension of a deadline if he needs one.

The court will deny Whitaker's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the case himself as the case proceeds. But if Whitaker refiles his motion, he will have to show that he has been trying to find a lawyer on his own and explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that plaintiff Terrence Whitaker's motion for assistance with the recruitment of counsel, dkt. #16 in case no. 20-cv-1042-wmc and dkt. #16 case no. 21-cv-412, is DENIED without prejudice.

Entered this 15th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge